IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RAYMOND B. THOMAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 122-055 |
| | ) | |
| SHAWN EMMONS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at Hays State Prison in Trion, Georgia brings the above-captioned case pursuant to 28 U.S.C. § 2254 and seeks permission to proceed *in forma pauperis* ("IFP"). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED** without prejudice and this civil action be **CLOSED**.

I.   BACKGROUND

Petitioner was convicted of entering a vehicle in the Superior Court of Jefferson County, Georgia and sentenced to 'thirty-five years to do fifteen years, no parole." (Doc. no. 7, p. 1.) Petitioner did not appeal his convictions or seek review by a higher state court. (Id. at 2-12.)

On May 5, 2022, Petitioner submitted a one-page handwritten letter to the Clerk of Court in the Northern District of Georgia challenging a judgment of conviction entered in the

Superior Court of Jefferson County. (Doc. nos. 1-2.) Because Petitioner is challenging a judgment entered in a court within the Southern District of Georgia, United States Magistrate Judge Walter E. Johnson transferred the case to this District. Petitioner does not specify his grounds for relief but rather randomly recites in the petition "they never had any evidence" and he has not presented any grounds previously due to his "mental health" and because he "did not know [he] had to." As such, he requests the Court grant him relief by granting his release from prison. (Doc. no. 1.)

On June 6, 2022, the Court directed Petitioner to file an amended petition and motion to proceed IFP or pay the filing fee. (Doc. no. 6.) In response, on July 1, 2022, Petitioner filed a motion to proceed IFP and an amended petition, however Petitioner failed to sign the petition. (Doc. nos. 7-8.) The Clerk issued a deficiency notice instructing Petitioner to sign and return the enclosed signature page within fourteen days. (See doc. no. 9.) Petitioner failed to submit a signed amended petition.

## II.     DISCUSSION

### A.     The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214, and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or

they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." Turner v. Crosby, 339 F.3d 1247, 1281 (11th Cir. 2003) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003). The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (*per curiam*) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. See Powell v. Allen, 602 F.3d 1263, 1269 (11th Cir. 2010) (*per curiam*); Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982). Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

### B. Petitioner Failed to Exhaust State Remedies

Here, Petitioner does not allege he has filed a direct appeal or a state habeas petition. (Doc. no. 7.) Generally, as a matter of comity, the state courts must be afforded a fair opportunity to hear claims raised in a habeas corpus petition challenging custody resulting from a state court judgment. Picard v. Connor, 404 U.S. 270, 275 (1971). However, "[c]omity does not require that the federal courts decline to exercise jurisdiction in the face of allegations that the state courts have been presented with the merits of a claim for habeas corpus relief and have, for one reason or another, refused or been unable to act upon the claim." St. Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir. 1972).

Here, there is no indication of unreasonable delay or a refusal to address a claim such that this Court should disregard the exhaustion requirement. Petitioner has not filed a state habeas petition or alleged any refusal by the state courts to hear his claims. As Petitioner has not exhausted available state court remedies, his federal habeas corpus petition should be dismissed without prejudice so he can first give the state courts an opportunity to address his claims.

### C. The Petition Also Should Be Dismissed Because Petitioner Failed to Sign the Amended Petition

As described above, Petitioner failed to sign his amended petition despite a deficiency notice informing him noncompliance could result in dismissal of his case. (Doc. no. 9.) Petitioner has not communicated with the Court since filing his amended petition.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv.,

4

Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").  Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Here, the deficiency notice explained that Petitioner must personally sign his amended petition if he intended to pursue this case.  (Doc. no. 9.)  Thus, even if Petitioner had exhausted state remedies, which he has not, his case is also subject to dismissal for failure to submit a signed amended petition.

### III.     CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this

petition be **DISMISSED** without prejudice and this civil action be **CLOSED**

SO REPORTED and RECOMMENDED this 19th day of July, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA